IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ASCOT INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WESLEY KENSINGTON PARTNERS I, ) <br> LLC; WESLEY KENSINGTON ) <br> PARTNERS II, LLC; WESLEY KENSINGTON ) <br> PARTNERS, LLC; AVILA REAL ESTATE, ) <br> LLC; ADRIANNE HARDY, as ) <br> ADMINISTRATOR OF THE ESTATE OF ) <br> MICHAEL LAMAR WRIGHT and as PARENT ) <br> OF MINORS A.W.; and CLEATONYA ) <br> BRITTION as CONSERVATOR OF ) <br> MINOR M.W., ) <br> ) <br> Defendants. ) | Civil Action File No.: <br> 1:22-cv-04064 |

**DEFENDANTS WESLEY KENSINGTON PARTNERS I, LLC; WESLEY KENSINGTON PARTNERS II, LLC; WESLEY KENSINGTON PARTNERS, LLC; AND AVILA REAL ESTATE, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**COME NOW** WESLEY KENSINGTON PARTNERS I, LLC; WESLEY KENSINGTON PARTNERS II, LLC; WESLEY KENSINGTON PARTNERS, LLC; and AVILA REAL ESTATE, LLC ("Wesley Defendants" or "Defendants"),

Defendants in the above-styled action, and hereby file their Answer to Plaintiff's Amended Complaint, stating as follows:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim against the Wesley Defendants upon which relief can be granted.

### SECOND DEFENSE

Wesley Defendants plead the affirmative defenses of estoppel, failure of consideration, laches, release, unclean hands, and waiver.

### THIRD DEFENSE

Wesley Kensington Partners I, LLC and Wesley Kensington Partners II, LLC are not, and never have been, legal entities. Thus, they are improper parties to this lawsuit.

### FOURTH DEFENSE

Responding to the individually labeled and numbered paragraphs of Plaintiff's Amended Complaint, the Wesley Defendants respond as follows:

### PRELIMINARY STATEMENT

The Wesley Defendants deny the allegations contained in the Preliminary Statement of Plaintiff's Amended Complaint.

## **AMENDED PRELIMINARY STATEMENT**

The Wesley Defendants deny the allegations contained in the Amended Preliminary Statement of Plaintiff's Amended Complaint.

## **JURISDICTION**

1.

Paragraph 1 of Plaintiff's Amended Complaint is not a factual averment and constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a response is required, the Wesley Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint to the extent they are contrary to established law.

2.

Paragraph 2 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a response is required, the Wesley Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint to the extent they are contrary to established law.

3.

Paragraph 3 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a

response is required, the Wesley Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint to the extent they are contrary to established law.

4.

Paragraph 4 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a response is required, the Wesley Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint to the extent they are contrary to established law.

5.

Paragraph 5 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a response is required, the Wesley Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint to the extent they are contrary to established law.

**VENUE**

6.

Paragraph 6 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a

response is required, the Wesley Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint to the extent they are contrary to established law.

## **PARTIES**

7.

The Wesley Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny same.

8.

Paragraph 8 of Plaintiff's Amended Complaint is denied.

9.

Paragraph 9 of Plaintiff's Amended Complaint is denied.

10.

Paragraph 10 of Plaintiff's Amended Complaint is denied.

11.

The Wesley Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny same.

12.

The Wesley Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny same.

13.

Paragraph 13 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a response is required, the Wesley Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint to the extent they are contrary to established law.

**FACTUAL ALLEGATIONS**

**THE UNDERLYING CLAIM**

14.

The Wesley Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint and, therefore, can neither admit nor deny same.

15.

The Wesley Defendants state the document referenced by Plaintiff speaks for itself and therefore deny the allegations of Paragraph 15 to the extent they mischaracterize or contradict the referenced document.

16.

The Wesley Defendants state the document referenced by Plaintiff speaks for itself and therefore deny the allegations of Paragraph 16 to the extent they mischaracterize or contradict the referenced document.

17.

Paragraph 17 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a response is required, the Wesley Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint to the extent they are contrary to established law.

### THE POLICY

18.

Paragraph 18 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a response is required, the Wesley Defendants deny the allegations contained in

Paragraph 18 of Plaintiff's Amended Complaint to the extent they are contrary to established law.

19.

The Wesley Defendants state the document referenced by Plaintiff speaks for itself and therefore deny the allegations of Paragraph 19 to the extent they mischaracterize or contradict the referenced document.

20.

The Wesley Defendants state the document referenced by Plaintiff speaks for itself and therefore deny the allegations of Paragraph 20 to the extent they mischaracterize or contradict the referenced document.

21.

The Wesley Defendants state the document referenced by Plaintiff speaks for itself and therefore deny the allegations of Paragraph 21 to the extent they mischaracterize or contradict the referenced document.

22.

The Wesley Defendants state the document referenced by Plaintiff speaks for itself and therefore deny the allegations of Paragraph 22 to the extent they mischaracterize or contradict the referenced document.

23.

The Wesley Defendants state the document referenced by Plaintiff speaks for itself and therefore deny the allegations of Paragraph 23 to the extent they mischaracterize or contradict the referenced document.

**WKP I & II'S BREACHES OF DUTIES AND CONDITIONS TO COVERAGE UNDER THE POLICY**

24.

Upon information and belief, admitted.

25.

Paragraph 25 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a response is required, the Wesley Defendants admit they provided notice as required under all applicable policies of insurance and deny any allegations to the contrary.

26.

Paragraph 26 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a response is required, the Wesley Defendants admit they provided notice as required under all applicable policies of insurance and deny any allegations to the contrary.

27.

Paragraph 27 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a response is required, the Wesley Defendants admit they provided notice as required under all applicable policies of insurance and deny any allegations to the contrary.

28.

The Wesley Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29.

The Wesley Defendants state the document referenced by Plaintiff speaks for itself and therefore deny the allegations of Paragraph 29 to the extent they mischaracterize or contradict the referenced document.

30.

Paragraph 30 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a response is required, the Wesley Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint to the extent they are contrary to established law.

31.

The Wesley Defendants state the document referenced by Plaintiff speaks for itself and therefore deny the allegations of Paragraph 31 to the extent they mischaracterize or contradict the referenced document.

### THE UNDERLYING LAWSUIT

32.

The Wesley Defendants state the document referenced by Plaintiff speaks for itself and therefore deny the allegations of Paragraph 32 to the extent they mischaracterize or contradict the referenced document.

33.

The Wesley Defendants state the document referenced by Plaintiff speaks for itself and therefore deny the allegations of Paragraph 33 to the extent they mischaracterize or contradict the referenced document.

34.

Paragraph 34 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a response is required, the Wesley Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint to the extent they are contrary to established law or contradict the documents referencing in Paragraph 34.

## CLAIM FOR DECLARATORY RELIEF

35.

The Wesley Defendants re-allege and incorporate by reference their affirmative defenses and individual responses to Paragraphs 1 through 34 in response to Paragraph 35 of Plaintiff's Amended Complaint as if set forth fully herein.

36.

Paragraph 36 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a response is required, the Wesley Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint to the extent they are contrary to established law.

37.

Paragraph 37 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a response is required, the Wesley Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint to the extent they are contrary to established law.

38.

The Wesley Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39.

The Wesley Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40.

The Wesley Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41.

The Wesley Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42.

The Wesley Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

43.

Paragraph 43 of Plaintiff's Amended Complaint constitutes a legal conclusion to which the Wesley Defendants are not required to respond. To the extent a response is required, the Wesley Defendants deny the allegations contained in

Paragraph 43 of Plaintiff's Amended Complaint to the extent they are contrary to established law.

44.

The Wesley Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45.

The Wesley Defendants deny the allegations contained after Paragraph 44 within the **PRAYER FOR RELIEF** paragraph, including subparts (a) – (c), of Plaintiff's Amended Complaint.

46.

WHEREFORE, Defendants, Wesley Kensington Partners I, LLC; Wesley Kensington Partners II, LLC; Wesley Kensington Partners, LLC; and Avila Real Estate, LLC, hereby pray:

(a) that Plaintiff's Amended Complaint be dismissed with costs cast against Plaintiff;

(b) that the Wesley Defendants have a jury of twelve for trial of this case; and

(c) Such further and additional relief as this Court deems just and proper.

Respectfully submitted this 13th day of January 2023.

**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

/s/ *Lee Clayton*
Lee Clayton
Georgia State Bar No. 601004
Joshua J. Smith
Georgia State Bar No. 562327
***Attorney for the Defendants***
***Wesley Kensington Partners I, LLC***
***Wesley Kensington Partners II, LLC***
***Wesley Kensington Partners, LLC; and***
***Avila Real Estate, LLC***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3231
(404) 874-8800 (ph)
(404) 888-6199 (fax)
lee.clayton@swiftcurrie.com
joshua.smith@swiftcurrie.com

15

## **CERTIFICATE OF COMPLIANCE WITH LR 5.1**

I certify that the foregoing document is written in 14-point Times New Roman font in accordance with Local Rule 5.1.

**SWIFT, CURRIE, MCGHEE & HIERS, LLP**

/s/ *Lee Clayton*
Lee Clayton
Georgia State Bar No. 601004
Joshua J. Smith
Georgia State Bar No. 562327
***Attorney for Defendants***
***Wesley Kensington Partners I, LLC***
***Wesley Kensington Partners II, LLC***
***Wesley Kensington Partners, LLC; and***
***Avila Real Estate, LLC***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3231
(404) 874-8800 (ph)
(404) 888-6199 (fax)
lee.clayton@swiftcurrie.com
joshua.smith@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2023, I electronically filed the foregoing **DEFENDANTS WESLEY KENSINGTON PARTNERS I, LLC; WESLEY KENSINGTON PARTNERS II, LLC; WESLEY KENSINGTON PARTNERS, LLC; AND AVILA REAL ESTATE, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

                                     **SWIFT, CURRIE, MCGHEE & HIERS, LLP**

                                     /s/ *Lee Clayton*
                                     Lee Clayton
                                     Georgia State Bar No. 601004
                                     Joshua J. Smith
                                     Georgia State Bar No. 562327
                                     ***Attorney for Defendant***
                                     ***Wesley Kensington Partners I, LLC***
                                     ***Wesley Kensington Partners II, LLC***
                                     ***Wesley Kensington Partners, LLC; and***
                                     ***Avila Real Estate, LLC***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3231
(404) 874-8800 (ph)
(404) 888-6199 (fax)
lee.clayton@swiftcurrie.com
joshua.smith@swiftcurrie.com

4866-2654-3176, v. 1